# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| TAUREAN THOMAS | CIVIL ACTION NO. 16-1210-P |
| VERSUS | JUDGE FOOTE |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Taurean Thomas ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 23, 2016. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and he complains that his civil rights were violated by prison officials. He names Steve Prator, the Caddo Correctional Center, Unknown Guards, and the Maintenance Department as defendants.

Plaintiff claims that on July 3, 2016, he slipped and fell in water on the floor because the staff was negligent. He claims there were no wet floor signs.

Plaintiff claims that as a result of his fall, he suffers from constant head pain and occasional blurred vision. He also claims his lower back and legs are numb at times. He claims he is currently being treated by the Caddo Correctional Center medical staff and

taking pain medication. Accordingly, Plaintiff seeks monetary compensation. For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding

an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

First, the court finds that water on the floor does not create a substantial risk of serious harm. Second, the court finds that the facts alleged do not support a finding that the defendants' conduct was deliberately indifferent. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff does not allege that prison officials acted with deliberate indifference. In fact, Plaintiff admits that they were negligent. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Thus, Plaintiff's claim has failed to satisfy the first and second components of an Eighth Amendment claim.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29th day of November, 2016.



Mark L. Hornsby
U.S. Magistrate Judge